**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

VANDAIRE KNOX, # B-42692,   )
             )
    **Plaintiff,**   )
             )
  **vs.**       )   **Case No. 14-cv-193-MJR**
             )
DR. SHEARING, et al.,    )
             )
    **Defendants.**   )

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

    Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants (he names 19 individuals in addition to unknown parties) were deliberately indifferent to his serious medical condition – persistent swelling and severe pain in his left knee.

    Plaintiff is serving a 45-year sentence for murder, and has already spent 13 years in prison for that offense (Doc. 1, p. 2). He had been housed at Stateville Correctional Center for most of that time, where doctors treated his pain successfully with Tramadol and planned to send him to an outside facility for an MRI to determine the cause of his knee problems and for possible surgery. However, before the test could be performed, Plaintiff was moved to Cook County Jail on a court writ in September 2009. Upon Plaintiff's return to IDOC custody in January 2011, he was placed in Menard (Doc. 1, p. 15). His earlier medical records were never provided to his new doctors.

    Plaintiff uses a knee brace for stability, but at times he is unable to wear it because of the swelling. The knee condition causes him to walk with a limp, and the pain is so

severe that he cannot put pressure on his left leg.  His over-reliance on his right leg for support has begun to cause problems with his right knee (Doc. 1, pp. 12-14).

In March 2011, Plaintiff first saw Defendant Dr. Kohring at Menard.  She prescribed a muscle relaxer, saying she wanted to try that medication before giving him Tramadol (Doc. 1, pp. 3-4).  That muscle relaxer did not help, which Plaintiff reported to Defendant Dr. Nwaobasi when he saw him in May 2012.  At that time, the knee was swollen and painful.  Plaintiff told Defendant Nwaobasi that medication such as Motrin hurt his stomach; he gave Plaintiff Tylenol, which was not effective for the pain.  Plaintiff requested other medication, and Defendant Groves (a nurse) gave him Ibuprofen.

On June 20, 2012, Defendant Nwaobasi gave Plaintiff a 30-day supply of Tramadol, but did not renew that medication.  Plaintiff filed grievances over the failure to treat his knee pain, to which Defendants Walls, Oakley, Summers, Kinkade, Crain, and Benton responded (Doc. 1, pp. 5-8).

On September 12, 2012, Defendant Doctors Codgn and Pollion gave Plaintiff another prescription for Tramadol.  However, when the medication ran out on November 27, 2012, Plaintiff's pain returned.  The pain was so excruciating that he could not sleep, and made it difficult for him to stand or walk for long (Doc. 1, p. 10).  Plaintiff made numerous requests for pain medication, and was informed by Defendant Nurse Misty on December 12, 2012, that the doctors would no longer give him Tramadol.  Plaintiff was offered Motrin and Naproxen, but those cause side effects of stomach pain and are not effective against the knee pain.  For the next several months, he continued to complain about the pain to no avail.  Defendants Shearing and Nwaobasi denied his requests for medication, as well as his pleas for ice or heat to treat the swelling.

Plaintiff filed grievances again, without success.  Defendants Grult (spelled Grutl in the complaint's caption), Walls, Keen, and Crain responded to those grievances.  Plaintiff's family contacted Defendant Dr. Shicker (Doc. 1, p. 12).  Plaintiff also wrote letters to Defendants Nwaobasi, Warden Harrington, and Shearing, asking for treatment to relieve his pain and to diagnose the cause of his knee problems (Doc. 1, pp. 13-14).

Plaintiff seeks damages, declaratory relief, and injunctive relief, specifically to investigate prison employees' qualifications to perform their jobs (Doc. 1, p. 18).  Such relief is not available as a remedy for a civil rights violation.  The prayer for relief does not ask this Court to consider an order directing Defendants to provide medical care for Plaintiff, but his many requests throughout the complaint for help to relieve his pain suggest that he may seek this remedy.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action for deliberate indifference to medical needs **(Count 1)** against Defendants Shearing, Pollion, Codgn, and Nwaobasi, the treating medical providers.  According to the complaint, each of these individuals either failed to provide or renew Plaintiff's pain medication, or gave him medication known to be ineffective and to cause harmful side effects.  This claim shall receive further review.

However, Plaintiff fails to state a claim upon which relief may be granted against the other Defendants.  These claims and the reasons for their dismissal shall be discussed below.

**Dismissal of Count 2 – Denial of Grievances**

Plaintiff's allegations demonstrate that Defendants Walls, Crain, Grutl, Summers, Kinkade, Oakley, Keen, and Benton were involved only in handling Plaintiff's grievances or complaints regarding the medical care (or lack thereof) provided by the prison doctors.  None of these individuals appears to have been responsible for making decisions as to which medication or other treatment would be provided to Plaintiff.  Each of them is mentioned only in connection with the responses they provided to his grievances, which were all denied.

It is well established that the denial or even the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Plaintiff's description of these Defendants' actions shows merely that they failed to sustain or give a satisfactory response to his grievances, which he filed to complain about the misconduct of others.

Similarly, the only allegation involving Defendant Dr. Shicker is that he was contacted by Plaintiff's family, presumably to complain about the lack of effective medical attention for Plaintiff's problems.  There is no suggestion that Defendant Shicker was in any way personally involved in the decisions regarding what treatment would be provided to Plaintiff, and liability cannot be imposed upon him based merely on having received a complaint.

Therefore, Count 2 against Defendants Walls, Crain, Grutl, Summers, Kinkade, Oakley, Keen, Benton, and Shicker shall be dismissed with prejudice.

**Dismissal of Defendants Kohring, Groves, and Misty**

The first two of these Defendants provided some treatment to Plaintiff, but their

actions do not indicate that they were deliberately indifferent to his medical condition. Defendant Kohring was the first Menard doctor to treat Plaintiff.  Although she did not give him his preferred medication (Tramadol), she prescribed a muscle relaxer in an effort to provide him with effective relief.  The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  In order to establish deliberate indifference to a serious medical need, a plaintiff must show that a prison official acted or failed to act despite his knowledge of a serious risk of harm.  *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  The mere fact that Defendant Kohring's prescribed treatment proved to be ineffective does not state a claim.  *See Duckworth v. Ahmad,* 532 F.3d 675, 680 (7th Cir. 2008).  Plaintiff does not mention her again, and there is no indication that she was among the providers in Count 1 who allegedly persisted in offering only those medications known to be ineffective or refused to renew the one medication that helped.  For these reasons, Defendant Kohring shall be dismissed from the action.

Plaintiff mentions Defendant Nurse Groves in connection with only one incident, where she gave him Ibuprofen (Doc. 1, p. 5).  She responded to his complaints that the Tylenol given to him by Defendant Nwaobasi did not work.  Again, she attempted to help him by giving him an alternative medication.  The fact that she told him it was unlikely to relieve his pain does not mean she was deliberately indifferent to his condition.  According to Plaintiff's own allegations, only the doctors could have prescribed a stronger drug.  He fails to state a claim against Defendant Groves.

Finally, Plaintiff's only statement regarding Defendant Nurse Misty is that she relayed the information that the doctors would no longer give him a prescription for Tramadol.

This falls far short of suggesting deliberate indifference to a serious medical need – she was merely the bearer of unwelcome news, and had no involvement in the decision to deny this medication.  Defendant Misty shall also be dismissed.

**Defendants Fuentes, Sufany, and the Unknown Parties**

Plaintiff mentions these Defendants only in the caption of his complaint, and makes no factual allegations involving them anywhere in his statement of claim.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Defendants Fuentes, Sufany, and the John/Jane Doe Unknown Parties will be dismissed from this action without prejudice.

**Defendant Harrington**

Plaintiff describes only one contact with Defendant Warden Harrington, when he wrote to him in May 2013 complaining that his medical-related grievances had not been resolved, and he had requested to see an outside specialist because Menard doctors were not trying to diagnose his problem.  As noted above, making a complaint to a prison official does not create liability.  In addition, if a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands."  *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d

218, 236 (3d Cir. 2004)).  "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service."  *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Finally, Defendant Harrington's status as warden does not make him liable for the unconstitutional actions of his subordinates, because the doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  For these reasons, Plaintiff fails to state a constitutional claim against Defendant Harrington.

However, because Plaintiff may be seeking injunctive relief, Defendant Harrington shall remain in the action in his official capacity at this time, for the purpose of implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

## Pending Motions

The motion for service of process at government expense (Doc. 3) shall be **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below on those Defendants who remain in the action.  No service shall be made on the dismissed Defendants.

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

**COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **WALLS, CRAIN, GROVES, GRUTL, SUMMERS,**

SHICKER, KOHRING, KINKADE, OAKLEY, KEEN, BENTON, and MISTY are DISMISSED from this action with prejudice.  Defendants FUENTES, SUFANY, and UNKNOWN PARTIES are DISMISSED from this action without prejudice.

The Clerk of Court shall prepare for Defendants SHEARING, POLLION, CODGN, NWAOBASI, and HARRINGTON:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is DIRECTED to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk

or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 10, 2014**

s/ MICHAEL J. REAGAN
United States District Judge